In the Matter of SAMUEL GREENBERG & Co., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, February 26, 1954.

*Donald Crichton* for petitioner.

*Robert H. Schaffer* and *Robert B. Keyes* for respondent.

McNALLY, J. This is an article 78 proceeding brought by the landlord-petitioner to revoke an order of the State Rent Administrator which denied his application for decontrol and which reduced the maximum rent of an apartment.

The tenant first occupied the apartment in 1941, pursuant to a lease providing for combined residential and professional use. One room was used for professional purposes, the other five rooms were for the residential needs of the tenant, her husband and their three children.

In October, 1952, the tenant filed an application for a reduction in the maximum rent because of the landlord's failure to paint. The landlord answered by way of an application for decontrol, claiming that the apartment was being used for predominantly professional purposes, but conceded that the apartment needed painting in the event it was found to be subject to rent control.

The local rent administrator after a physical inspection indicated the premises were predominantly residential in character. The landlord was notified that the maximum rent would be reduced unless the apartment was painted within seven days. Upon the landlord's failure to paint, the maximum rent was reduced from $143.28 to $128.95. The order did not make any findings on the question of decontrol. The landlord's protest was denied upon finding that the landlord failed to paint, with a direction to the local rent administrator to take up the question of decontrol in a separate proceeding.

Subsequently, in the article 78 petition brought by the landlord consequent upon that order, the matter was remitted to the commission upon the administrator's application, in order to make a consolidated disposition of both the decontrol and painting issues. At a subsequent conference at which both parties appeared and were represented by counsel, it was found that the greater space of the apartment was used for exclusive residential purposes, and that five rooms out of the six were used by the tenant's family as their home. The landlord failed to introduce proof to indicate that the rental value of the professional space (one room) was greater than the rental value of the dwelling space (five rooms). The State Rent Administrator then issued an order which found the apartment was subject to rent control as a residential housing accommodation, and affirmed the reduction of the maximum rent. It was consequent upon this order that the present article 78 petition was made.

Subdivision 2 of section 2 of the State Rent and Eviction Regulations defines a housing accommodation as follows: "2. 'Housing Accommodations.' Any building or structure, permanent or temporary, or any part thereof, occupied or intended to be occupied by one or more individuals as a residence, home, sleeping place, boarding house, lodging house or hotel, together with the land and buildings appurtenant thereto, and all services, privileges, furnishings, furniture and facilities supplied in connection with the occupation thereof."

With reference to classification, the commission has issued a series of opinions. Administrator's Opinion No. 34 is as follows:

"Where the business and dwelling portions are rented to a single tenant, but are not separable, then both portions have a single combined status determined in accordance with the following rules: (1) If a predominant part of the total space is used for business purposes, the property is not subject to the Regulations. (2) Where less than a predominant part of the total space is used for business purposes (and also where the space test cannot be used because there is no physical segregation of the space used for business purposes and that used for dwelling purposes) but the rental value of the business portion (or of the business use where the two uses are not physically segregated) is clearly in excess of the rental value of the dwelling portion, the property is not subject to the Regulations. (3) If less than a predominant part of the total space is used for business purposes, and the rental value of the business portion (or business use) does not clearly exceed the rental value of the dwelling portion (or dwelling use), the entire property is subject to the Regulations."

It would appear from the record that the instant proceeding falls within the purview of subdivision (3) of Opinion No. 34. Less than a predominant part of the total space is used for professional purposes and the rental value of the professional portion does not clearly exceed the rental value of the dwelling portion. In the circumstances, the findings of the State Rent Administrator were warranted, the application must be denied and the petition is dismissed.